UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERNARD F. CAMPBELL,

    Plaintiff,

vs.                                          Case No. 8:11-cv-2629-T-27MAP

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's *pro se* Motion to Substitute (Re-instate) James R. Taylor & Cary Young as Proper Defendants (Dkt. 13), Defendant's Second Dispositive Motion to Dismiss (Dkt. 11), and the parties' responses in opposition (Dkts. 14, 18). Upon consideration, the motion to substitute is DENIED, and the motion to dismiss is GRANTED.

### Background

Bernard Campbell was a former Chaplain Resident at the James B. Haley Veterans' Hospital in Tampa, Florida. On November 6, 2009, he initiated a conversation with several other chaplains regarding a shooting that had occurred the previous day at Fort Hood. Campbell made the comment that "he could see how something like that could happen." (Compl. ¶ 5). Following this conversation, another Chaplain Resident, Cary Young, filed an incident report with James R. Taylor, who was Chief Chaplain and Director of Clinical Pastoral Education (CPE).

Young's incident report, or "Report of Contact," contains the following statement:

> Chaplain Bernard Campbell stated . . . that he could relate to the shooter. He said that he could understand how something like the shooting could happen after a person feels they have not been treated properly by management. . . .
>
> [He stated] that if a person feels mistreated enough, he (Chaplain Campbell) can see how that sort of shooting can happen. Chaplain

> Campbell stated that when management is not respectful of employees, these sorts of things happen.

(Dkt. 2-1, Compl. Ex. B).

Taylor presented the Report of Contact to the Professional Advisory Group, which ultimately recommended Campbell's termination. Campbell was given a written notice, which stated that he was dismissed on account of "1 - failure to show your CPE Supervisor the ability to enter the CPE Process Learning environment, 2 - posing a threat to peers, 3 - your stated unwillingness to enter the educational environment unless the supervisor limits the process learning to those learning experiences that are approved by you." (Compl. Ex. C). With respect to the second ground, the termination letter referenced Reports of Contact submitted by Young and another chaplain and stated that Campbell's "exchanges with peers left them concerned over what you were capable of if you were to lose control." (*Id.*). The letter further noted that Campbell's comments and demeanor "violate[d] the James A. Haley HPM No. 00-46 Code of Conduct for Employees and Trainees" with respect to "disruptive and intimidating employee behavior." (*Id.*).

Campbell commenced this *pro se* action in state court, alleging that Young and Taylor are liable for negligence, libel and slander. Pursuant to 28 U.S.C. § 2679, the United States Attorney[1] certified that Young and Taylor had acted in the scope of their employment with the United States Department of Veterans Affairs. The action was removed to federal court, and the United States was substituted as the sole Defendant in this action. *See* 28 U.S.C. § 2679(d)(2).

Campbell requests that Young and Taylor be re-substituted as Defendants because, otherwise, this action will be barred, as the United States has not waived sovereign immunity for the claims he has brought. The United States opposes the motion, arguing that the United States Attorney properly certified that Young and Taylor acted within the scope of their employment. The United States

---

[1] The Attorney General has delegated the authority to make scope of employment certifications to the United States Attorney. 28 C.F.R. § 15.4.

further requests that this action be dismissed on account of sovereign immunity.

## Motion to substitute Young and Taylor as Defendants

It is by now clear that a scope of employment certification is subject to judicial review. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995). While the "certification is *prima facie* evidence that the employee acted within the scope of his employment," the issue must be decided *de novo*. *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) (citation omitted). "However, the burden of altering the status quo by proving that the employee acted outside the scope of employment is . . . on the plaintiff." *Id.* (quotation and alterations omitted).

"The question of whether an employee's conduct was within the scope of his employment is governed by the law of the state where the incident occurred." *Flohr*, 84 F.3d at 390 (quotation omitted). Under Florida law, "[c]onduct is within the scope of one's employment . . . if it is the type of conduct that the employee is hired to perform, the conduct occurs substantially within the time and space limits authorized or required by the job, and the conduct is activated at least in part by the employee's purpose to serve his or her employer." *Thomas v. Tampa Bay Downs, Inc.*, 761 So. 2d 401, 404 (Fla. 2d DCA 2000).

First, Campbell has not made any effort to show that the filing of an incident report was outside the tasks that Young was required to perform or that transmitting such a report to the Professional Advisory Group was not among Taylor's job responsibilities. As one court aptly stated:

> While an employee's job description would not ordinarily list a duty to report allegations against a co-worker, it is equally true that the scope of an employee's duties is not encompassed exclusively in her position description listing her assigned tasks. Employers, including the VA, also impose duties and responsibilities on their employees through work rules, procedures, and prohibitions which are made known to employees through training, employee handbooks, and other directives. . . . Complying with these express employer requirements falls within the scope of each employee's duties, as does reporting violations of the same.

*Squires v. Principi*, No. 1:02CV82MMP/AK, 2005 WL 2861127 at *3 (N.D. Fla. Aug. 30, 2005), adopted, 2005 WL 2896090 (N.D. Fla. Nov. 1, 2005). The termination letter expressly noted that the actions described in Young's Report of Contact demonstrated "violat[ions of] the James A. Haley HPM No. 00-46 Code of Conduct for Employees and Trainees." (Dkt. 2-1, Compl. Ex. C). Reporting such violations was plainly among the job responsibilities of Young and Taylor.

Second, it is undisputed that Young's and Taylor's actions occurred at the VA hospital during work hours.

Third, Campbell failed to show that the conduct was not activated by the purpose of serving the VA. Campbell admits that the report "clearly demonstrates that [Young] considered Campbell a threat to the safety of the employees." (Compl. ¶ 8). Young's Report of Contact states: "I was afraid of what I had seen over time as Chaplain Campbell's capacity for anger. I was scared that I did not know if he would act on such a statement." (Compl. Ex. B). Young "would have been ignoring a responsibility to her employer and to her patients if she had failed to inform the VA" of the incident, as would Taylor if he failed to provide the report to the Professional Advisory Group. *Squires*, 2005 WL 2861127 at *4. Regardless of whether Young or Taylor had an incorrect understanding of Campbell's comments or their context, the record reflects that the report was provided to Taylor and transmitted to the Professional Advisory Group for the purpose of serving the VA.

For his part, Campbell has not submitted any evidence that would arguably show that Young or Taylor acted outside the scope of their employment. Campbell simply argues that the United States Attorney's certification was improper because the United States has not waived sovereign immunity for claims of libel and slander. *See* 28 U.S.C. § 2680(h). However, the Supreme Court has rejected this argument. *United States v. Smith*, 499 U.S. 160, 165-67 (1991); *see also Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 666 (D.C. Cir. 2006) (in slander action, finding that

government employee acted within the scope of his employment, the United States was properly substituted, and action was barred by sovereign immunity); *Brumfield v. Sanders*, 232 F.3d 376, 381-82 (3d Cir. 2000) (same); *Nadler v. Mann*, 951 F.2d 301, 305-06 (11th Cir. 1992) (finding that part of government employee's alleged defamatory statements were within the scope of his employment).

Campbell has not satisfied his burden of demonstrating that Young and Taylor acted outside the scope of their employment. *See Flohr*, 84 F.3d at 390. The United States was properly substituted[2] and shall remain the sole Defendant in this action.

## Motion to dismiss

It is well-settled that sovereign immunity bars tort actions against the United States. Although Congress has provided for a limited waiver of sovereign immunity in the Federal Tort Claims Act (FTCA), the FTCA expressly exempts "[a]ny claim arising out of . . . libel, [or] slander . . . ." 28 U.S.C. § 2680(h). Campbell's libel and slander claims are therefore barred by sovereign immunity.

Campbell's negligence claim is also barred. In the context of § 2680(h), the phrase "arising out of" is broadly construed. *Metz v. United States*, 788 F.2d 1528, 1534 (11th Cir. 1986). "[A] cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim." *Id.* (quotation omitted).

Campbell alleges that Young and Taylor "knew or should have known that the assertions were false" and that they were negligent in failing to ascertain the truth before making the statements. (Compl. ¶¶18-20). From the complaint, it is clear that the "wrong" about which Campbell complains is the statements themselves. *See Metz*, 788 F.2d at 1535.[3] Those statements,

---

[2] To the extent Campbell suggests that the initial substitution of the United States or the removal of this action was improper, his arguments are without merit. (*See* Dkts. 8, 15).

[3] To the extent the alleged negligence relates to decisions made in the termination process, the United States persuasively argues that such a claim is barred by the discretionary function exception set forth in 28 U.S.C. § 2680(a). *See, e.g., Richman v. Straley*, 48 F.3d 1139, 1146-47 (10th Cir. 1995) ("Decisions regarding employment and termination

5

which are alleged to constitute libel and slander, are essential to Campbell's action for negligence. In fact, Campbell concedes that "[w]hile the complaint does assert a claim of negligence against the defendants, the language relates to the unlawful and intentional tort of Libel/Slander . . . ." (Dkt. 13 at 2). Campbell's negligence claim "aris[es] out of" libel and slander for purposes of § 2680(h) and therefore is not actionable under the FTCA. *See id.* at 1535-36 (holding claims for false light, intentional infliction of emotional distress, and intrusion upon seclusion 'arose out of' slander because they were based on alleged false statements made by government officials).[4]

## Conclusion

Accordingly, Plaintiff's Motion to Substitute (Re-instate) James R. Taylor & Cary Young as Proper Defendants (Dkt. 13) is DENIED, and Defendant's Second Dispositive Motion to Dismiss (Dkt. 11) is GRANTED. This cause is dismissed for lack of subject matter jurisdiction. The clerk is directed to CLOSE the file.

**DONE AND ORDERED** this 16th day of April, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties

---

are inherently discretionary. . . . Such sensitive decisions are precisely the types of administrative action the discretionary function exception seeks to shield from judicial second-guessing."). This does not appear to be Campbell's claim, however.

[4] The United States argues that any unlawful termination claim would be preempted by the Civil Service Reform Act. Campbell's claim, however, appears to relate to the alleged defamatory statements, not the ultimate personnel decision. (*See* Dkt. 14 at 4).